**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

MARIA BOLANOS

             Plaintiff

v.

ARROW FINANCIAL SERVICES, LLC, and
RUBIN & ROTHMAN, LLC,

             Defendants.

-------------------------------------------------------x

**COMPLAINT**

**JURY DEMANDED**

**'10 CIV 07243**

**JUDGE MOTZ**

## INTRODUCTION

1.     This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), New York General Business Law § 349, and New York Judiciary Law § 487.

## JURISDICTION AND VENUE

2.     The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

3.     Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4.     Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

5.     Venue in this District is proper because Defendants transacts business in the District, Plaintiff resides in this District, and the conduct complained of occurred in this District.

1

## PARTIES

6. Plaintiff, Maria Bolaños is a natural person who has resided at all relevant times in Yonkers, New York.

7. Maria Bolaños is a consumer as defined in the FDCPA § 1692a(3).

8. Defendant Rubin & Rothman, LLC (hereinafter "R&R") is a law firm engaged in the business of collecting debts in this state, with its principal place of business located at 1787 Veterans Highway, Suite 32, Islandia, New York, 11749.

9. R&R's principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due another.

10. R&R is a debt collector as defined in the FDCPA §1692a(6).

11. Defendant Arrow Financial Services, LLC (hereinafter "Arrow") is a business that buys purportedly past due/defaulted upon consumer debt from banks, credit card companies, and other debt buyers and attempts to collect those debts – either by itself or through its agents.

12. Arrow, a Delaware Corporation, is engaged in the business of collecting debts in this state, is licensed as a debt collector with the New York City Department of Consumer Affairs, and maintains its principal place of business in Niles, Illinois.

13. Arrow's principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due another.

14. Arrow is a debt collector as defined in the FDCPA §1692a(6).

## FACTS

15. In November 2006, Maria Bolaños' daughter, Linda Bolaños, signed up for a weight loss program at Micheline Giovani Physician, P.C. in Rye, New York.

16. Because the weight loss program was not covered by Linda's health insurance, during her

initial visit, Dr. Giovani's office staff encouraged Linda to apply for CareCredit, a medical credit card marketed by GE Money Bank.

17. With the assistance of Dr. Giovani's office staff, Linda completed an application for CareCredit, and the office staff faxed the application to GE Money Bank.

18. At the end of her initial visit to Dr. Giovani's office, a staff member informed Linda that she was approved for CareCredit.

19. Plaintiff Maria Bolaños was not a co-signer on the CareCredit account.

20. Linda Bolaños also made a $400.00 cash deposit to Dr. Giovani for the costs of vitamins and supplements to be dispensed over the course of the treatment.

21. After her initial visit – and before she received any significant treatment – Linda discovered that she was pregnant. Upon information and belief, Dr. Giovani's office informed her that she was ineligible for the weight loss treatments and dropped her from the program.

22. Dr. Giovani's office never refunded the $400.00 deposit.

23. Linda never received and was not billed for any treatments with Dr. Giovani's office.

24. Linda never received any bill from CareCredit or GE Money Bank.

25. Plaintiff Maria Bolaños never visited Dr. Giovani's office with Linda, and never incurred any expense on the CareCredit account.

26. Plaintiff Maria Bolaños never signed or co-signed a credit card agreement for any account with GE Money Bank.

27. Maria Bolaños never received any bill from CareCredit or GE Money Bank.

28. On November 2, 2009, Arrow, represented by R&R, purchased an index number and filed a Summons and Complaint against both Linda and Maria Bolaños in Dutchess County Supreme Court, titled <u>Arrow Financial Services, LLC v. Linda Bolaños Maria Bolaños</u>, Index:

8743/2009 (hereinafter, "the State Action").

29. The State Action sought recovery of a purported debt on a GE Money Bank credit card account for $1556.77, plus interest and costs and disbursements.

30. Although Maria Bolaños was a stranger to Linda Bolaños' transactions with Dr. Giovani's office and CareCredit, Arrow, through its attorneys R&R, named Maria Bolaños as a co-defendant in the State Action.

31. Maria Bolaños was never served with a copy of the summons and complaint in the State Action.

32. Linda Bolaños was also never served with a copy of the summons and complaint in the State Action.

33. The Complaint filed in Dutchess County Supreme Court in the State Action erroneously indicates that Maria Bolaños shares an address with her daughter Linda, at 11 Clearview Circle Hopewell Junction, NY.

34. In fact, Maria Bolaños lives at 406 Walnut Street, Yonkers, NY, where she has continuously resided for the past 7 years.

35. Upon information and belief, R&R gave the Hopewell Junction, NY address to its process server and directed that service be made on Maria Bolaños at the premises where Maria does not reside.

36. Maria's daughter Linda does live at 11 Clearview Circle, Hopewell Junction, NY with her husband and his family; and she has not resided in the same house as her mother since 1995, when Linda left home to go to college.

37. More to the point, Maria Bolaños has never resided with her daughter at the Hopewell Junction, NY address.

38. Despite these deficiencies, R&R proceeded with the State Action and moved for default judgment against both Maria and Linda Bolaños.

39. On February 17, 2010, judgment was entered against Linda and Maria Bolaños in Dutchess County Supreme Court.

40. The Judgment includes a sworn statement by attorney Valerie Watts, Esq. of Rubin & Rothman, that Maria Bolaños was sent a copy of the summons at her "last known address set forth herein." Ms. Watts' statement listed the address as "11 Clearview Cir, Hopewell Junction, NY 12533-6554" despite the fact, as explained above, Marie Bolaños has never resided at that address and, on information and belief, Defendants had no good faith basis to believe she resided there.

41. On or about April 2, 2010, R&R caused HSBC Bank to place a restraint on a safe deposit box owned by Maria Bolaños.

42. Although Linda Bolaños is listed as an authorized user on the safe deposit box, she is not a co-owner.

43. Linda Bolaños and Maria Bolaños do not own any property together and do not share any joint bank accounts.

44. On July 30, 2010, Linda and Maria, represented by Schlanger & Schlanger, LLP, filed an Order to Show Cause to vacate the default judgment in Dutchess County Supreme Court.

45. On August 25, 2010, the parties' counsel entered into a stipulation in the State Action to vacate the judgment and discontinue the action without prejudice.

46. Upon information and belief, Arrow and R&R's motion for default judgment against defendants that have never been served, far from being an isolated instance, is part of a policy and practice by which Defendants instruct that consumers be served at addresses at which

Defendants know or should know the consumer does not reside, with the knowledge that the vast majority of claims filed will result in default judgments.

47.     The Complaint in the state action was signed by Mark Braverman, Esq. of R&R.

48.     Upon information and belief, this action was one of over 39,000 consumer collection actions filed by R&R in 2009 in the New York State Supreme and Civil Courts.

49.     Mr. Braverman's name is one of only two R&R attorney's listed on the signature block of the Complaint.

50.     Upon information and belief, Mr. Braverman signed thousands of Complaints filed in the New York State Courts in 2009.

51.     Because these figures do not include any filings in Nassau County District Court or Suffolk County District Court, the state court jurisdiction in which R&R's main office is located, or any filings in the many Courts whose dockets are not listed on ECOURTS, the actual number of consumer collection filings by R&R in 2009 was, on information and belief, significantly higher than 39,000.

52.     Upon information and belief, Mr. Braverman did not meaningfully review the Complaint filed against Maria Bolaños, before signing it and causing it to be filed with Dutchess County Supreme Court.

53.     Upon information and belief, Mr. Braverman's failure to review the State Action Complaint before filing it, far from an anomaly, is part of the business plan developed by Defendants, who have found that meaningful pre-filing review is not as profitable as submission of pleadings without review, because the overwhelming majority of consumer collection actions are won on default or against unsophisticated pro-se litigants who are, as a practical matter, incapable of meaningfully challenging even the most deficient, boilerplate consumer collection

pleading.

## FIRST CAUSE OF ACTION

## The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA")

54.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

55.     By undertaking the above referenced collection activities Defendants repeatedly violated 15 U.S.C. 1692 *et seq*.

56.     Specifically and without limitation: Defendants violated the FDCPA by:

    a.     Collecting, threatening and/or attempting to collect a debt from Maria Bolaños, even though she was a stranger to the underlying transactions and owed no money, in violation of §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

    b.     Collecting, threatening and/or attempting to collect interest and fees in connection with filing a lawsuit against Maria Bolaños that were not authorized by contract or permitted by law, in violation of §§ 1692e(5), 1692e(10), 1692(f) and 1692f(1).

    c.     Filing a Complaint and Judgment against Maria Bolaños in the State Action that was deceptive and misleading because they were signed by an attorney but were not meaningfully reviewed by an attorney, in violation of §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f.

    d.     Filing a judgment in the State Court Action that states, inter alia, that Maria Bolaños was mailed a copy of the State Court summons at her "last known address" of "11 Clearview Cir, Hopewell Junction, NY 12533-6554" when, on information and belief, Defendants had no good faith basis to believe she resided there, in violation of §§ 1692e, 1692e(10), and 1692f.

    e.     Taking legal action against Maria Bolaños when it knew or should have known

that there was no factual basis for its action, without conducting the minimum due diligence required under New York law regarding frivolous pleadings, and misstating the amount, character and/or legal status of Maria Bolaños debt, in violation of §§ 1692e, 1692e(2), 1692e(3), 1692e(5), and 1692e(10), 1692f, and 1692f(1).

f.   Providing an address to a process server that Defendants knew or should have known was not the residence of Maria Bolaños and would result in her default, in violation of §§ 1692e, 1692e(10), and 1692(f).

g.   Entering judgment against Maria Bolaños and taking actions to enforce that judgment despite the flagrant and obvious failure to serve her with process, stemming, inter alia, from Defendants' provision to its process server of an address at which Defendant knew or should have known, Maria Bolaños did not reside, in violation of §§ 1692e, 1692e(10), and 1692(f).


57.   As a result of these violations of the FDCPA, Plaintiff has suffered actual damages including, without limitation, sleep deprivation, stomach pains, and anxiety.

58.   Ms. Bolaños' actual damages also include the cost of retaining counsel to defend and dismiss the State Action.

59.   As a result of these violations, Ms. Bolaños is also entitled to statutory damages of up to $1,000, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### NYGBL § 349 (Deceptive Acts and Practices Unlawful)

60.   Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

61.   Each of the deceptive acts and practices set forth above, including but not limited to each

deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

62. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public. Specifically, and without limitation, each of the seven unfair and deceptive practices listed above in Paragraph 56 (a) through (g) is, upon information and belief, a recurring practice that Defendants have taken, not just against Ms. Bolaños, but against large numbers of consumers as part of a policy and practice that is designed and has the effect of increasing Defendants' profits by increasing the number of consumer accounts handled, lowering the cost of handling each account, and increasing Defendants' success rate with regard to consumer accounts.

63. Each of Defendants' deceptive acts, by their nature, involves a material misrepresentation.

64. As a result of these violations of NYGBL §349, Plaintiff has suffered actual damages, including but not limited to, the costs of defending the State Action, and is therefore entitled to actual damages, punitive damages of up to $1,000, attorney's fees and costs.

65. Ms. Bolaños' actual damages include, without limitation, sleep deprivation, stomach pains, anxiety, and the cost of retaining counsel to defend and dismiss the State Action.

## THIRD CAUSE OF ACTION

### Judiciary Law § 487
### (Against Rubin & Rothman Only)

66. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

67. Upon information and belief, R&R was guilty of deceit in the State Action.

68.  R&R perpetrated this deceit with intent to deceive the state court, and Ms. Bolaños.

69.  Specifically, upon information and belief, and as reviewed above, Mr. Braverman of R&R knowingly and falsely represented that he had meaningfully reviewed and made reasonable inquiry into the Complaint filed against Maria Bolaños in the State Action and the facts alleged therein, prior to filing the Complaint with the Court.

70.  R&R likewise knowingly falsely represented that the action against Ms. Bolaños was not frivolous, even though R&R knew or should have known that Maria Bolaños was a stranger to the underlying transactions and had no liability on the account.

71.  R&R also falsely state that it had mailed an additional summons to Marie Bolaños' "last known address" when, as explained previously, R&R had no good faith basis to believe she resided at the address used.

72.  These false representations were made under oath.

73.  As a result of these false representations, Ms. Bolaños has suffered damages including but not limited to sleep deprivation, stomach pains, anxiety, and the cost of retaining counsel to defend and dismiss the State Action.

74.  R&R's false representations are, as described above and upon information and belief, part of a larger, pernicious and recurring policy and practice that is designed and has the effect of increasing R&R's profits by increasing the number of consumer accounts handled, and lowering the cost of handling each account.

75.  Ms. Bolaños is entitled to treble her damages as a result of R&R's violations of Judiciary Law § 487, reasonable attorney's fees, and costs.

**WHEREFORE** plaintiff respectfully requests that this Court award:

a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

b. On the SECOND CAUSE OF ACTION (NYGBL §349), actual damages, three times the actual damages up to $1000, costs and reasonable attorney's fees pursuant to NYGBL §349(h);

c. On the THIRD CAUSE OF ACTION (JUDICIARY LAW § 487)(AGAINST R&R ONLY), treble damages, costs, and reasonable attorney's fees; and

d. Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: September 20, 2010
White Plains, New York

Respectfully Submitted,

_____
Daniel A. Schlanger, Esq. (ds-9330)
One of Plaintiff's Attorneys

Plaintiff's Attorneys
Daniel A. Schlanger, Esq.
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fax: 914-946-2930