McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
*Attorneys for Defendant Arrow Financial Services, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA BOLANOS, Plaintiff, v. ARROW FINANCIAL SERVICES, LLC, and RUBIN & ROTHMAN, LLC, Defendants. | ECF CASE<br>Case No. 10 Civ. 7243 (JFM)<br>**ANSWER** |

Defendant Arrow Financial Services, LLC ("Arrow" or "Defendant"), by and through its undersigned counsel, hereby states as follows for its Answer to the Complaint alleged by Maria Bolanos:

1. The allegations contained in Paragraph 1 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

2. The allegations contained in Paragraph 2 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

3. The allegations contained in Paragraph 3 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

4. The allegations contained in Paragraph 4 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

5. The allegations contained in Paragraph 5 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

6. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 6.

7. The allegations contained in Paragraph 7 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

8. Admitted.

9. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 9.

10. The allegations contained in Paragraph 10 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

11. Denied as stated.

12. Admitted.

13. Denied as stated.

14. The allegations contained in Paragraph 14 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

15. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 15.

16. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 16.

17. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 17.

18. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 18.

19. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 19.

20. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 20.

21. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 21.

22. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 22.

23. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 23.

24. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 24.

25. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 25.

26. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 26.

27. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 27.

28. Admitted.

29. The allegations contained in Paragraph 29 refer to a document which speaks for itself and to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

30. Denied. By way of further response, Arrow states that it was provided information that Maria Bolanos was a co-applicant on the subject account.

31. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 31.

32. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 32.

33. The allegations contained in Paragraph 33 refer to a document which speaks for itself and to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

34. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 34.

35. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 35.

36. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 36.

37. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 37.

38. Denied.

39. Admitted.

40. The allegations contained in Paragraph 40 refer to a document which speaks for itself and to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

41. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 41.

42. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 42.

43. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43.

44. Admitted.

45. Admitted.

46. Denied.

47. The allegations contained in Paragraph 47 refer to a document which speaks for itself and to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

48. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 48.

49. The allegations contained in Paragraph 49 refer to a document which speaks for itself and to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

50. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 50.

51. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 51.

52. Arrow denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 52.

53. Denied.

**FIRST CAUSE OF ACTION**

54. Arrow repeats and incorporates by reference its answers to Paragraphs 1-53 above as though fully set forth herein.

55. The allegations contained in Paragraph 55 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

56. The allegations contained in Paragraph 56 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

57. The allegations contained in Paragraph 57 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

58. The allegations contained in Paragraph 58 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

59. The allegations contained in Paragraph 59 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

**SECOND CAUSE OF ACTION**

60. Arrow repeats and incorporates by reference its answers to Paragraphs 1-59 above as though fully set forth herein.

61. The allegations contained in Paragraph 61 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

62. The allegations contained in Paragraph 62 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

63. The allegations contained in Paragraph 63 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

64. The allegations contained in Paragraph 64 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

65. The allegations contained in Paragraph 65 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

**THIRD CAUSE OF ACTION**

66. Arrow repeats and incorporates by reference its answers to Paragraphs 1-65 above as though fully set forth herein.

67. The allegations contained in Paragraph 67 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

68. The allegations contained in Paragraph 68 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

69. The allegations contained in Paragraph 69 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

70. The allegations contained in Paragraph 70 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

71. The allegations contained in Paragraph 71 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

72. The allegations contained in Paragraph 72 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

73. The allegations contained in Paragraph 73 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

74. The allegations contained in Paragraph 74 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

75. The allegations contained in Paragraph 75 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Arrow denies such allegations.

## FIRST AFFIRMATIVE DEFENSE

76. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

78. Maria Bolanos' claims are barred by the equitable doctrines of estoppel, laches, waiver, and unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

79. The damages claimed by Maria Bolanos, which are expressly denied, were not proximately caused by Arrow.

**FOURTH AFFIRMATIVE DEFENSE**

80. To the extent that Arrow violated the FDCPA, which is expressly denied, any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Arrow respectfully requests that this Court dismiss all claims against Arrow and enter judgment in its favor.

Dated: January 7, 2011
New York, New York

McGuireWoods LLP

By: s/ Alyssa Barillari
1345 Avenue of the Americas
Seventh Floor
New York, New York 10105
(212) 548-2100
*Attorneys for Defendant Arrow Financial Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer was filed this 7th day of January, 2011, via notice delivered by the Court's electronic filing system upon the following:

Daniel Adam Schlanger
Schlanger & Schlanger, LLP
1025 Westchester Ave.
White Plains, NY 10604
(914)-946-1981
daniel@schlangerlegal.com

Angelo Louis Siragusa
Rubin & Rothman, LLC
17817 Veterans Highway
Islandia, NY 11749
(631) 930-0503
asap5159@optonline.net

s\ Alyssa Barillari